**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LAUREN FOSTER, on behalf of herself
and all others similarly situated,

    Plaintiff,

v.                                                                       Case No. 6:14-cv-346-Orl-37GJK

CHATTEM, INC.,

    Defendant.

**ORDER**

This cause is before the Court on the following:

1. Defendant Chattem, Inc.'s Motion to Dismiss Class Action Complaint for Equitable Relief and Damages and Incorporated Memorandum of Law (Doc. 12), filed May 5, 2014; and

2. Plaintiff's Memorandum of Law in Response and in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 26), filed May 19, 2014.

Upon consideration, the Court finds that the motion is due to be granted in part and denied in part.

**BACKGROUND**

This purported class action arises out of Plaintiff's purchase of a bottle of ACT mouthwash, which is manufactured by Defendant. (Doc. 1, ¶¶ 13, 16.) The packaging states that the mouthwash "rebuilds tooth enamel." (*Id.* ¶¶ 8, 14.) However, Plaintiff alleges that it is not possible to "rebuild" tooth enamel; rather, Plaintiff contends that the product only strengthens weak spots in tooth enamel via "remineralization." (*Id.* ¶¶ 2–5.)

Plaintiff argues that this alleged misbranding "deceptively misleads the reasonable consumer." (*Id.* ¶ 6.) Accordingly, Plaintiff filed the Complaint, which alleges: (1) a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.204; (2) unjust enrichment; (3) breach of implied warranty of merchantability under state law; and (4) breach of implied warranty of merchantability under the federal Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301. (*Id.* ¶¶ 62–96.)

Defendant moves to dismiss the Complaint, arguing that: (1) it does not plausibly state a claim that the phrase "rebuilds tooth enamel" is false and does not plausibly state a claim for damages; and (2) the breach of warranty claims fail because Plaintiff lacks privity with Defendant. (Doc. 12.) Plaintiff opposes. (Doc. 26.) This matter is now ripe for the Court's adjudication.

## STANDARDS

A plaintiff must plead "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). On a motion to dismiss a complaint, the Court limits its consideration to "the well-pleaded factual allegations." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

### I. Plausibility

Defendant argues that the Complaint fails to plausibly allege that the phrase "rebuilds tooth enamel" is false and fails to plausibly state a claim for damages. (Doc. 12,

2

pp. 7–13.) The Court disagrees on both counts.

The thrust of Defendant's first argument is that a reasonable consumer would not differentiate between "rebuilding" tooth enamel and "repairing" or "remineralizing" it. (*Id.* at 7–8.) This is a factual issue outside the scope of a motion to dismiss. *See, e.g.*, *In re Frito-Lay N. Am., Inc. All Natural Litig.*, No. 12-MD-2413 (RRM)(RLM), 2013 WL 4647512, at *15 (E.D.N.Y. Aug. 29, 2013) (holding that whether a reasonable consumer would likely be deceived by the phrase "all natural" is a fact question not resolvable on a motion to dismiss); *Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889, 900 (N.D. Cal. 2012) (holding that whether a reasonable consumer would be misled by the phrase "freshness" is "a question not properly addressed on a motion to dismiss"). The Complaint alleges that the product represented that it could rebuild tooth enamel and further alleges that the product cannot actually rebuild tooth enamel (Doc. 1, ¶¶ 3–6); that is all that is required at this stage.[1] *See In re Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Practice Litig.*, 955 F. Supp. 2d 1311, 1332 (S.D. Fla. 2013) (holding that a plaintiff's allegation that the product "supports brain health," coupled with the allegation that the product did not actually support brain health, was enough to state an FDUTPA claim).

Defendant similarly contends that the Complaint does not plausibly state a claim for damages. (Doc. 12, p. 11.) This contention is also unavailing. Plaintiff alleges that the product was alternatively: (1) rendered valueless due to misbranding; or (2) worth less

---

[1] Defendant also briefly argues that the Complaint does not meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). (Doc. 12, p. 11 n.5.) However, Rule 9(b) does not apply to FDUTPA claims involving unfair trade practices. *See Hill v. Hoover Co.*, 899 F. Supp. 2d 1259, 1263 (N.D. Fla. 2012); *State of Fla., Office of Att'y Gen., Dep't of Legal Affairs v. Tenet Healthcare Corp.*, 420 F. Supp. 2d 1288, 1310 (S.D. Fla. 2005).

than she paid due to a premium charge for the misbranded features. (Doc. 1, ¶¶ 39–40.) She further alleges that the "true value" of the product was equal to other mouthwashes that do not claim to rebuild enamel. (*Id.* ¶ 41.) Plaintiff will, of course, need to prove up her damages at a later stage, but she has pled viable alternative theories of recovery, and that is enough at this stage. *See Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006) (stating that difference in market value is an accurate measure of FDUTPA damages, and noting that the full purchase price is an alternative measure when a defect renders the product valueless). Defendant's motion to dismiss for lack of plausibility is therefore due to be denied.

## II. Privity

Defendant also argues that the implied warranty claims in Counts III and IV fail because Plaintiff is not in privity with Defendant.[2] (Doc. 12, pp. 13–14.) The Court agrees. "Under Florida law, privity of contract is an essential element of a claim for breach of implied warranty." *Bailey v. Monaco Coach Corp.*, 168 F. App'x 893, 894 n.1 (11th Cir. 2006); *see also Kramer v. Piper Aircraft Corp.*, 520 So. 2d 37 (Fla. 1988) (holding that "no-privity, breach of implied warranty cases" were supplanted by strict liability actions (citation and internal quotation marks omitted)); *Mesa v. BMW of N. Am., LLC*, 904 So. 2d 450, 458 (Fla. 3d DCA 2005) (collecting cases).

---

[2] The MMWA claim is governed by the same standards as the state law breach of implied warranty claim. *See Bailey v. Monaco Coach Corp.*, 168 F. App'x 893, 894 n.1 (11th Cir. 2006) ("[I]mplied warranty claims under the MMWA arise out of and are defined by state law."); *see also Rentas v. DaimlerChrysler Corp.*, 936 So. 2d 747, 751 (Fla. 4th DCA 2006) ("Because Florida law requires privity for a breach of implied warranty claim, the plaintiff's claim was barred under the MMWA."); *Mesa v. BMW of N. Am., LLC*, 904 So. 2d 450, 458 (Fla. 3d DCA 2005) ("[T]he question of whether or not privity is a prerequisite to a claim for breach of implied warranty under the MMWA hinges entirely on the applicable state law.").

Plaintiff relies on *Hoskins v. Jackson Grain Co.*, 63 So. 2d 514 (Fla. 1953), to argue that this case falls under an exception to the privity requirement. (Doc. 26, p. 15.) However, another case on which Plaintiff relies, *Smith v. Wm. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336, 1342 (S.D. Fla. 2009), correctly notes that subsequent Florida Supreme Court decisions "have scaled back the precedential value of *Hoskins* in implied warranty cases." Indeed, the Florida Supreme Court held in *Kramer* that the old exceptions to the privity requirement were "necessarily swept away . . . in favor of the new action of strict liability." 520 So. 2d at 39 (citation and internal quotation marks omitted); *see also West v. Caterpillar Tractor Co.*, 336 So. 2d 80, 92 (Fla. 1976). *Kramer* and *West* "did not result in the demise of the contract action of breach of implied warranty, as that action remains, . . . *where privity of contract is shown*." *Kramer*, 520 So. 2d at 39 (emphasis added) (citation and internal quotation marks omitted). Therefore, it is now "well-settled" in Florida that "a plaintiff cannot recover economic losses for breach of implied warranty in the absence of privity." *Smith*, 663 F. Supp. 2d at 1342 (citation and internal quotation marks omitted).

Plaintiff counters that even if privity is required, it is met where "a manufacturer makes direct representations to the purchaser." (Doc. 26, p. 15.) It is true that some courts have held that direct contact between a purchaser and a manufacturer satisfies the privity requirement at the pleadings stage; however, direct contact in that sense refers to personal contacts between the purchaser and a representative of the manufacturer, not merely some contact between the purchaser and the manufacturer's product or advertising. *See, e.g.*, *Point Blank Solutions, Inc. v. Toyobo Am., Inc.*, No. 09-61166-CIV, 2010 WL 4624274, at *3 (S.D. Fla. Nov. 4, 2010) (finding privity sufficiently pled where

there was a contract concerning the product between the purchaser and the manufacturer); *Cedars of Lebanon Hosp. Corp. v. European X-Ray Distribs. of Am., Inc.*, 444 So. 2d 1068, 1072 (Fla. 3d DCA 1984) (finding privity sufficiently pled where there was direct, personal contact between the manufacturer's sales representatives and the purchaser). Plaintiff's contrary position would have the direct contact exception swallow the privity rule entirely. Because Plaintiff merely alleges that she saw the packaging in the store and then purchased the product (Doc. 1, ¶¶ 13–14) and does not allege that any personal contact occurred between herself and a representative of Defendant, she has failed to demonstrate privity. Therefore, Counts III and IV are due to be dismissed without prejudice.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant Chattem, Inc.'s Motion to Dismiss Class Action Complaint for Equitable Relief and Damages and Incorporated Memorandum of Law (Doc. 12) is **GRANTED IN PART AND DENIED IN PART**.

2. The motion is **GRANTED** as to Counts III and IV, which are **DISMISSED WITHOUT PREJUDICE**.

3. The motion is **DENIED** in all other respects. Counts I and II shall proceed.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 23, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record